UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 7:21-cv-00017

| | |
|---|---|
| LAMARR ANDRE MCDOW, | |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| FONTELLA MARIE HOLMES, | |
| Defendant. | |

Defendant Fontella Marie Holmes ("Defendant"), by and through undersigned counsel, hereby removes the civil action captioned *Lamarr Andre McDow v. Fontella Marie Holmes*, filed in the General Court of Justice, Superior Court Division, Brunswick County, North Carolina, Case No. 20-CVS-1571 (the "State Court Action"), which was filed on September 29, 2020, to the United States District Court for the Eastern District of North Carolina. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and other applicable law. Defendant appears for the purpose of removal only and reserves all rights and defenses, including, without limitation, defenses based on personal jurisdiction, venue, insufficient process and insufficient service of process.

In support of this Notice of Removal, Defendant respectfully shows the Court the following:

1. On September 29, 2020, Plaintiff Lamarr Andre McDow ("Plaintiff") filed a Complaint (Jury Trial Requested) (the "Complaint") in the State Court Action against Defendant. True and correct copies of the Complaint and all other papers filed in the State Court Action of which Defendant is aware and has obtained copied from the Brunswick County Clerk of Superior Court (but not yet properly served on Defendant) are attached hereto as **Exhibit A.**

2. Defendant has yet to be properly served with the Complaint or accompanying civil summons, despite Plaintiff's filed Affidavit of Service alleging service.

3. This Notice of Removal is timely filed under the requirements of 28 U.S.C. § 1446 and other applicable law.

## SUBJECT MATTER JURISDICTION

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that the matter is between citizens of different states, and the amount in controversy as set forth in the Complaint exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

5. In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties. 28 U.S.C. § 1441(b). In this case, there is complete diversity between Plaintiff and Defendants.

6. As alleged in the Complaint, Plaintiff is an individual citizen of North Carolina who resides in Brunswick County, North Carolina. Compl. ¶ 1.

7. Plaintiff is, therefore, a citizen of North Carolina for purposes of diversity jurisdiction.

8. Defendant is an individual citizen of the State of Washington who resides in King County, Washington.

9. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Defendant is, therefore, a citizen of the State of Washington.

10. Defendant is not a citizen of North Carolina.

11. Thus, there is complete diversity of citizenship among the parties for purposes of federal jurisdiction under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

12. The amount in controversy requirement is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

13. In his Complaint, Plaintiff asserts claims against Defendant for breach of fiduciary duty, conversion, and breach of bailment. Plaintiff alleges that Defendant, while purportedly acting as Plaintiff's agent, sold or otherwise transferred certain real and personal property that Plaintiff alleges belonged to him. *See generally* Compl.

14. Plaintiff's Complaint contains a list of property, real and personal, that Plaintiff contends Defendant allegedly sold or otherwise caused to be transferred, along with estimates of the value of each listed piece of property. Compl. ¶ 9.

15. Plaintiff contends that the total estimated value of the property at issue is at least $1,453,200.00. Compl. ¶ 9.

16. For each of his three Counts, Plaintiff seeks "damages … in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00)." Compl. ¶¶ 26, 31, 36.

17. Further, Plaintiff's Complaint seeks "punitive damages from the Defendant in excess of $25,000.00." Compl., Prayer for Relief, ¶ 2.

18. Given Plaintiff's property valuation of $1,453,200.00 and his damages requests, it is apparent from the face of the Complaint that the amount in controversy is in excess of $75,000, and this Notice of Removal is, therefore, proper.

19. Because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the matter therefore meets the jurisdictional requirement for diversity jurisdiction before this Court.

## REMOVAL

20. Removal of the State Court Action to this Court is authorized by 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction.

21. The underlying action is a civil action that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441(b), and 1446(c), as complete diversity of citizenship exists between all parties; Defendant, the sole defendant, is not a citizen of the forum state of North Carolina; and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

22. Pursuant to 28 U.S.C. § 1441(a), because the Complaint was filed in the Superior Court for Brunswick County, North Carolina, this Court is the District Court for the United States for the district and division embracing the place where the State Court Action is pending and is thus the appropriate court for removal.

23. The time period for filing this Notice of Removal has not elapsed as the date of this filing, as this Notice is filed with this Court before the civil summons and Complaint have been properly served on Defendant. The filing is within the time permitted by applicable law. *See, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)

24. A copy of this Notice of Removal will be filed with the Brunswick County Clerk of Superior Court and served upon Plaintiff, as required by 28 U.S.C. § 1446, via a Notice of Filing of Notice of Removal, substantively in the form attached hereto as **Exhibit B**.

25. Consistent with Local Rule 5.3 a Civil Cover Sheet is attached hereto as **Exhibit**

**C**, and a Supplemental Removal Cover Sheet is attached hereto as **Exhibit D**.

26. By filing this Notice of Removal, Defendant does not waive and hereby expressly reserves the right to assert any defense or motion available in this action after it is removed to this Court.

WHEREFORE, Defendant files this Notice of Removal and prays that this entire action be removed from the North Carolina General Court of Justice, Superior Court Division, Brunswick County, to the United States District Court for the Eastern District of North Carolina, as provided by law

This the 4th day of February, 2021.

                                                **K&L GATES LLP**

                                                */s/ A Lee Hogewood III*_____
A. Lee Hogewood III
North Carolina State Bar No. 17451
Matthew T. Houston
North Carolina State Bar No. 46130
Zachary S. Buckheit
North Carolina State Bar No. 55123
K&L Gates LLP
4350 Lassiter at North Hills Ave., Suite 300
Post Office Box 17047 (27619-7047)
Raleigh, North Carolina 27609
Telephone: (919) 743-7322
Facsimile: (919) 516-2122
E-mail: lee.hogewood@klgates.com
        matthew.houston@klgates.com
        zach.buckheit@klgates.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing ***NOTICE OF REMOVAL*** was filed electronically in accordance with the local rules and was therefore served electronically on those entities that have properly registered for such electronic service and was further served by depositing a copy in a depository of the United States Postal Service, first-class, postage prepaid, addressed as shown below:

Ira Baswell IV
Braswell Law, PLLC
P.O. Box 703
Louisburg, NC 27549
*Attorney for Plaintiff*

This the 4th day of February, 2021.

                              **K&L GATES LLP**

                              */s/ A Lee Hogewood III*
                              A. Lee Hogewood III
                              North Carolina State Bar No. 17451
                              Matthew T. Houston
                              North Carolina State Bar No. 46130
                              Zachary S. Buckheit
                              North Carolina State Bar No. 55123
                              K&L Gates LLP
                              4350 Lassiter at North Hills Ave., Suite 300
                              Post Office Box 17047 (27619-7047)
                              Raleigh, North Carolina 27609
                              Telephone: (919) 743-7322
                              Facsimile: (919) 516-2122
                              E-mail: lee.hogewood@klgates.com
                                        matthew.houston@klgates.com
                                        zach.buckheit@klgates.com
                              *Counsel for Defendant*